UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-CR-80181-RUIZ/REINHART

**UNITED STATES OF AMERICA,**

vs.

**MINAL PATEL,**
               **Defendant**.
_____/

**ORDER ON MOTION FOR DISCOVERY PROTOCOL [ECF No. 49]**

Having considered the United States' motion for entry of a protocol to govern the disclosure of discovery material that have been, or are potentially, subject to claims of privilege by Defendant and third parties, and having conducted a telephonic hearing on June 8, 2020, and for good cause shown,

IT IS HEREBY **ORDERED** THAT:

1. The United States' motion is **GRANTED**, and the protocol set forth in Paragraphs 2-9, below (hereafter "Protocol"), shall govern the disclosure of discovery material [1] that have been, or are potentially, subject to claims of privilege (hereafter "Potentially Protected Material") by Defendant or by third-parties in this case.

2. The Protective Order issued on October 15, 2019 (D.E. 21) shall apply to any discovery material produced by the Filter Team to Defendant or to a third party pursuant to the

---

[1] As used in this Order, "discovery material" means evidence (in whatever format) in the possession of the United States that the Government is legally required to produce to a criminal defendant, including but not limited to, pursuant to Fed. R. Crim. P. 16, this Court's Standing Discovery Order, or the due process clause of the U.S. Constitution

Protocol.[2]

3. The Filter Team shall withhold Potentially Protected Material, unless a court order or a third-party claimant authorizes the release of Potentially Protected Material to the Prosecution Team or to Defendant.[3]

4. The Filter Team shall release discovery material that is not Potentially Protected Material to the Prosecution Team and Defendant.

5. The Filter Team shall produce Potentially Protected Material to Defendant under the following conditions:

    a. **If Defendant is the privilege holder or is entitled to access the discovery material by virtue of a Joint Defense Agreement (JDA):** Defendant shall receive a full copy of the discovery material in the same format as it was provided to the Filter Team. The discovery material shall be subject to the Protective Order in this case, as well as the Protocol, and may not be further disclosed or disseminated except as provided in this Order.

    b. **If Defendant is not the privilege holder of the discovery material or is not entitled to access the material by virtue of a JDA:** Before producing any of a third-party claimant's Potentially Protected Material to Defendant, the Filter Team shall notify the third-party claimant that their Potentially Protected

---

[2] As used in this Order, "Prosecution Team" shall refer to the attorneys and agents of the United States who are involved in preparing and presenting this case for trial. "Filter Team" shall refer to attorneys and agents of the United States who are not members of the Prosecution Team but who are involved solely in reviewing materials obtained through search warrants and other investigative techniques for purposes of determining whether those materials should be produced to Defendant in discovery.

[3] As used in this Order, "third-party claimant" shall refer to a non-Defendant who has asserted, or in the Government's view could in good faith assert, a claim of privilege over particular discovery material.

2

Material will be produced as part of the discovery to Defendant, unless such notice would jeopardize an ongoing investigation. In that case, the Filter Team shall seek authorization from the Court as to how to release the Potentially Protected Material at issue to Defendant.

    i.    <u>Contents of Notice</u>. The notice shall include a copy of this Order and shall identify the Potentially Protected Material to be produced, the anticipated date of production to Defendant, and the criminal case number. The Filter Team shall also provide the claimant with an electronic copy of the Potentially Protected Material scheduled for production.

    ii.    <u>Procedures for Objections to Production or Asserting Privilege Claims</u>. If a third-party claimant objects to the Filter Team's releasing discovery material to Defendant or to the Prosecution Team, or asserts a privilege claim to protect certain materials, the third-party claimant will notify the Filter Team of its objection within fourteen (14) days of receiving the Filter Team's notice. The third-party claimant's objection will include a privilege log, setting forth the legal basis - such as attorney-client privilege, work product doctrine protection, or other legally recognized claim - that the third-party claimant asserts precludes production for each document logged. The log shall also set forth the document title, subject matter, author(s), recipients(s), date, transmittal detail (if any), location of author(s) and recipient(s) (if known), and an explanation of the legal claim asserted against production. A third-party claimant shall email a copy of their objection and privilege log to Defendant and the Filter Team. If a third-party claimant does not respond to the Filter Team's notice within fourteen (14) days, the Filter Team will provide Defendant with information regarding the Filter Team's attempts to contact the third-party claimant. Thereafter, Defendant may move the Court for a finding that the third-party claimant has waived privilege claims.

    iii.    After the Filter Team receives the objection and required privilege log from the third-party claimant, the parties shall have three (3) business days to meet and confer to try to resolve any areas of disagreement concerning the asserted privilege. If the objection is made by a third-party, Defendant shall be given notice of the date and time of the meet and confer, and Defendant may participate through counsel. If the parties cannot come to an agreement as to the asserted claim, the Filter Team (or Defendant if he objects) shall notify the objecting party in writing that the parties do not agree.

      iv.     The Filter Team or Defendant shall then have five (5) business days from the date of objection to move to compel production of the Potentially Protected Material. A copy of the motion to compel shall be served on the objecting party. The motion shall include a copy of the privilege log provided by the objecting party, and a legal memorandum not to exceed 10 pages containing any factual or legal arguments. A copy of the disputed discovery material shall be submitted to the Court for *in camera* review. If the moving party is Defendant, the Filter Team will provide the Potentially Protected Material in dispute for *in camera* review. No materials submitted for *in camera* review shall be served upon the Prosecution Team.

      v.     Within seven (7) business days of the filing of a motion to compel, the objecting party shall file a response supporting its claim, not to exceed 10 pages.

      vi.     Any reply in support of the motion to compel will be due within five (5) business days of the responsive filing and shall not exceed 5 pages.

      vii.     Any order by the undersigned authorizing the Filter Team to produce disputed Potentially Protected Material to the Prosecution Team and to Defendant is not a determination that the material in question is admissible at trial. That determination will be made at a later time by the trial judge.

c.     The Court retains jurisdiction to adjudicate any dispute or resolve any privilege asserted over the discovery material produced pursuant to the Protocol.

d.     If Defendant or a third-party claimant fails to provide a privilege log to the Filter Team and/or Defendant sufficient to allow the reviewing party or the Court to determine the nature of the claim, or fails to meet and confer, the Court may determine that such actions constitute waiver of a claim.

e.     If a privilege claim was asserted by a third-party and not later challenged by the Filter Team or Defendant, the Filter Team or the Court may direct Defendant or the Prosecution Team to return or destroy any items that were produced in discovery but remain subject to a non-challenged privilege claim.

Under these circumstances, Defendant must return or destroy Potentially Protected Material at the request of the Filter Team unless they receive the Court's approval to retain the material.

f.   Pursuant to Fed. R. Evid. 502(d), any Potentially Protected Material disclosed to a third-party or to Defendant pursuant to this Order or any subsequent disclosure order, shall not constitute, or be deemed, a waiver or forfeiture of any privilege claim in any federal or state judicial or administrative proceeding other than these federal proceedings.

6.   The Government or Defendant shall have the right to present to the Court any document to determine if an exception, such as the crime-fraud exception, or a waiver, such as a subject-matter waiver, applies to the Potentially Protected Material. Production pursuant to this section shall not be grounds for a waiver argument by the Government or any other party pursuant to Fed. R. Evid. 502(d).

7.   If any member of the Prosecution Team inadvertently reviews an item believed to be protected by the attorney-client privilege, work-product doctrine, or any other legally recognized privilege, the Prosecution Team member shall turn the item over to the Filter Team for resolution through the filter process. Inadvertent review shall not automatically disqualify the Prosecution Team member from this matter.

8.   The notification and filing deadlines set forth in this Order may be extended based on the written agreement of the parties, or by Court order on motion and good cause shown.

9. The United States shall provide a copy of this order to all known potential third-party claimants within three (3) business day of the entry of the Order.

**DONE** and **ORDERED** in Chambers at West Palm Beach, Florida, this 8th day of June 2020.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE